# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEMEL WILLIAMS,** | : | Civil No. 1:19-CV-85 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **E. McCLEAF, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  Factual Background

Jemel Williams, a state prisoner, has filed a civil lawsuit challenging his arrest and prosecution. (Doc. 1.) Williams' complaint contains a brief but confusing factual narrative written in a fashion which presents significant challenges to the defense in terms of understanding and responding to the allegations made by the plaintiff. (Id.) Accordingly, the defendants have filed a motion for motion definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.(Doc. 17.)

For the reasons set forth below, this motion will be granted.

### II.  Discussion

Williams' complaint demands much of the reader. The complaint is not set forth sequentially in numbered paragraphs as required by Rule 10 of the Federal

Rules of Civil procedure, and the narrative set forth in the pleading appears to mix facts, and argument, in a fashion that presents significant challenges for the defendants in endeavoring to respond to these allegations.

In a case such as this, where the plaintiff's claims cannot be readily and clearly understood, Rule 12(e) of the Federal Rules of Civil Procedure provides, in part, that the court may order a party to prepare: "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Further, under this rule "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P., Rule 12(e).

Here, we find that this particular complaint aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more definite statement. Under Rule 12(e), [the court may order] a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). . . . . When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006)

Given the legal and factual ambiguity of the plaintiff's claims, we believe that the plaintiff should be required to provide a more definite statement of these claims before the defendants and the court are tasked with assessing the legal merits of these alleged claims. Therefore, the plaintiff will be directed pursuant to Rule 12(e) to submit a more definite statement of these claims.

Moreover, we instruct the plaintiff that in submitting a more definite statement of his claim this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must:

(1) recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation;

(2) contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and;

(3) stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

(4) This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

(6) The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.

(7) It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought.

(8) Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

### III. <u>Order</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the defendants' motion for motion definite statement (Doc. 17), is GRANTED, and the plaintiff shall file an amended complaint containing a more definite statement of his claims which complies with this order on or before **September 27, 2019**.

Sor ordered this 27th day of August 2019.

>*/s/ Martin C.Carlson*
>Martin C. Carlson
>United States Magistrate Judge